# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

$140,927.88 IN FUNDS FROM GUADALUPE CREDIT
UNION ACCOUNT NUMBER ENDING7007,

    *Defendant-in-rem.*

Civ. No. 20-455

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action to forfeit and condemn to the use and benefit of the United States of America property involved in violations of the Controlled Substances Act and 18 U.S.C. § 1956 that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C).

### DEFENDANT *IN REM*

2. The defendant *in rem* consists of the following:

    i. $140,927.88 in Funds from Guadalupe Credit Union Account Number Ending7007,
(hereafter referred to as "Defendant Funds").

3. The Defendant Funds were seized by the Drug Enforcement Administration on December 3, 2019, in the District of New Mexico.

4.     The Defendant Funds are now, and during the pendency of this action will be, in the jurisdiction of this Court.

## JURISDICTION AND VENUE

5.     The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

6.     Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property is found in this district. Upon the filing of this complaint, the Defendant Funds will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

## FACTS

7.     On September 3, 2019, Drug Enforcement Administration (DEA) Agents and Task Force Officers (TFOs) executed a Federal Search and Seizure Warrant at the residence of Francisco Diaz located at 7 Josephine Road, Santa Fe, New Mexico,

8.     During the search of the residence, agents located and seized the following:

a.     several clear zip-lock baggies containing cocaine in the master bedroom closet;

b.     $2,506.00 in U.S. Currency from Diaz's person;

c.     a Taurus PT24/7 Pro .40 caliber pistol in the master bedroom closet;

d.     a Bryco Model 48 .380 caliber pistol in the master bedroom closet;

e.     four (4) separate kilogram-sized wrappers from the master bedroom closet;

f.     $10,280.00 in U.S. Currency in the master bedroom.

9.     Agent conducted an interview with Diaz. Agents read Diaz his *Miranda* Warnings. Diaz stated he understood his rights and agreed to answer questions. Diaz claimed ownership of the cocaine and firearms in the master bedroom closet. Diaz advised that he sold

one kilogram approximately every 2-3 months and that he had been selling cocaine for a few years and made $7,000.00 to $10,000.00 in profit from each kilogram of cocaine he sold. He "cut" each kilogram he purchased to produce two kilograms of a cocaine mixture for sale. Based on his statements, Diaz sold eight to twelve kilograms of cocaine mixture per year producing an annual profit of $56,000.00 to $120,000.00 from illegal drug sales.

10. In addition to the cocaine, firearms and cash found during execution of the search warrant, Agents located a receipt dated August 15, 2019 that listed a new balance of $134,387.14 in an account at the Guadalupe Credit Union. The signatory on the account was Francisco Diaz, Jr. The proceeds in the account were consistent with the quantity of cocaine Francisco Diaz claimed he sold and the profits generated from his cocaine sales.

11. Agents also discovered Francisco Diaz's 2017 individual and business income tax returns.

12. Diaz's 2017 Individual Income Tax Return reported $15,031.00 in adjusted gross income.

13. Diaz's 2017 Business Income Tax Return reported total income of $26,940.00 for his business, Affordable Comfort Systems, LLC. The return further reported deductions totaling $26,588.00 and ordinary business income of $351.00.

14. Agents questioned Francisco Diaz about the disparity between his income, bank balance and his assets. Francisco Diaz responded that he has a profitable business.

15. Agents compared Francisco Diaz's known signature and a signature from a May 21, 2018, deposit of $10,755.78 in U.S. Currency. The signatures matched.

16. On December 3, 2019, Agents executed Federal seizure warrant for Francisco Diaz's accounts at the Guadalupe Credit Union located in Santa Fe, New Mexico. The Branch

Manager closed all accounts associated with Francisco Diaz, and provided agents with a Guadalupe Credit Union check in the amount of $140,927.88 made payable to the United States Marshals Service.

### FIRST CLAIM FOR RELIEF

17.  The United States incorporates by reference the allegations in paragraphs 1 through 16 as though fully set forth.

18.  Title 21, United States Code, Section 881(a)(6) subjects to forfeiture "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

19.  Defendant Funds were furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or were used or intended to be used to facilitate a violation of the Controlled Substances Act and are thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

### SECOND CLAIM FOR RELIEF

20.  The United States incorporates by reference the allegations in paragraphs 1 through 16 as though fully set forth.

21.  18 U.S.C. § 981(a)(1)(C) provides, in pertinent, for the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to an offense constituting a "specific unlawful activity" (SUA), as defined in 18 U.S.C. § 1956(c)(7), or conspiracy to commit such offense.

22. Defendant Funds are subject to arrest and forfeiture to Plaintiff under 18 U.S.C. § 981(a)(1)(C) because the Funds constitute property that was involved in a transaction(s) or attempted transaction(s) in violation of 18 U.S.C. § 1956, or is property traceable to such property.

WHEREFORE: Plaintiff seeks arrest of Defendant Funds and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Funds, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*[signature]*

STEPHEN R. KOTZ
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

## 28 U.S.C. § 1746 Declaration

I am a Special Agent with the Drug Enforcement Administration who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 5/12/2020

Jason P. Jones, Special Agent
Drug Enforcement Administration

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
$140,927.88 IN FUNDS, ET.AL.
County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [x] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury – Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- [x] 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 881(a)(6)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes   No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 5/13/2020
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**